UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

DELOREAN L. BRYSON,

        Plaintiff,

        v.                                        Case No. 22-cv-1043-bhl

LT ROZMARYNOSKI, et al.,

        Defendants.

---

## SCREENING ORDER

---

Plaintiff Delorean L. Bryson, who is currently serving a state prison sentence at the Green Bay Correctional Institution and representing himself, filed a complaint under 42 U.S.C. §1983, alleging that his civil rights were violated. This matter comes before the Court on Bryson's motion for leave to proceed without prepaying the full filing fee and to screen the complaint.

### MOTION FOR LEAVE TO PROCEED WITHOUT PREPAYMENT OF THE FILING FEE

Bryson has requested leave to proceed without prepaying the full filing fee (*in forma pauperis*). A prisoner plaintiff proceeding *in forma pauperis* is required to pay the full amount of the $350.00 filing fee over time. *See* 28 U.S.C. §1915(b)(1). Bryson has filed a certified copy of his prison trust account statement for the six-month period immediately preceding the filing of his complaint, as required under 28 U.S.C. §1915(a)(2), and has been assessed and paid an initial partial filing fee of $161.40. The Court will therefore grant the motion for leave to proceed without prepayment of the filing fee.

## SCREENING OF THE COMPLAINT

The Court has a duty to review any complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity, and dismiss any complaint or portion thereof if the prisoner has raised any claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A(b). In screening a complaint, the Court must determine whether the complaint complies with the Federal Rules of Civil Procedure and states at least plausible claims for which relief may be granted. To state a cognizable claim under the federal notice pleading system, a plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief." Fed. R. Civ. P. 8(a)(2). It must be at least sufficient to provide notice to each defendant of what he or she is accused of doing, as well as when and where the alleged actions or inactions occurred, and the nature and extent of any damage or injury the actions or inactions caused.

"The pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "The tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* A complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct

2

alleged." *Id.* at 556. "[T]he complaint's allegations must be enough to raise a right to relief above the speculative level." *Id*. at 555 (internal quotations omitted).

## ALLEGATIONS OF THE COMPLAINT

Bryson is an inmate at the Green Bay Correctional Institution (GBCI). Dkt. No. 1 at 1. Defendants are Lt. Rozmarynoski, Institution Complaint Examiner (ICE) DeGroot, and Jane/John Doe #1-4. *Id*.

On an unknown date, Lt. Rozmarynoski issued Bryson two conduct reports for possessing contraband. *Id*. at 2. In the process of confiscating the contraband, Lt. Rozmarynoski also confiscated some of Bryson's family pictures, specifically those of his estranged children. *Id*. at 2-3. Lt. Rozmarynoski sent Bryson a notice telling him to fill out an S.A.S.E. if he wanted the pictures mailed to someone outside the prison and Bryson filled out the form. *Id*. at 2. Nevertheless, Lt. Rozmarynoski allegedly destroyed the family pictures in violation of §DOC 303.09(2), which prohibits destruction of property until a final decision is made. *Id*.

Bryson filed several inmate complaints and appeals about his pictures, but no one looked into the matter. *Id*. at 3. Later, in September, Bryson received another notice about his pictures. *Id*. Bryson states that he thought Lt. Rozmarynoski had thrown out his pictures because that is what she had previous said, but "in fact she had not." *Id*. For relief, he seeks monetary damages. *Id*. at 4.

## THE COURT'S ANALYSIS

"To state a claim for relief under 42 U.S.C. §1983, a plaintiff must allege that he or she was deprived of a right secured by the Constitution or the laws of the United States, and that this deprivation occurred at the hands of a person or persons acting under the color of state law." *D.S. v. E. Porter Cty. Sch. Corp.*, 799 F.3d 793, 798 (7th Cir. 2015) (citing *Buchanan–Moore v. Cty. of*

3

*Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009)). Section 1983 limits liability to individuals who are personally responsible for a constitutional violation. *Burks v. Raemisch*, 555 F.3d 592, 593-94 (7th Cir. 2009). "An official satisfies the personal responsibility requirement of section 1983. . . if the conduct causing the constitutional deprivation occurs at [his] direction or with [his] knowledge and consent." *Gentry v. Duckworth*, 65 F.3d 555, 561 (7th Cir. 1995) (quoting *Crowder v. Lash*, 687 F.2d 996, 1005 (7th Cir. 1982)). He or she "must know about the conduct and facilitate it, approve it, condone it, or turn a blind eye." *Id*. (quoting *Jones v. City of Chicago*, 856 F.2d 985, 992 (7th Cir. 1988)).

The Court will dismiss this case for failure to state a claim. As an initial matter, Bryson does not allege any specific facts about ICE Groot or Jane/John Does #1-4. Liability under §1983 requires personal involvement. *Burks*, 555 F.3d at 594 ("Liability depends on each defendant's knowledge and actions, not on the knowledge or actions of [others]."). Bryson has failed to state a claim against these individuals because he has not alleged such personal involvement.

But his complaint has a bigger problem. It is unclear what constitutional claim Bryson believes any of the defendants have violated and what harm he believes he suffered. On the one hand, Bryson states that Lt. Rozmarynoski violated §DOC 303.09(2) by allegedly destroying his family pictures. On the other hand, Bryson also states that his pictures were not "in fact" destroyed. Violation of prison policy, alone, does not establish a constitutional violation. *See Pulera v. Sarzant*, 966 F.3d 540, 551 (7th Cir. 2020). And, even if the property was destroyed, Bryson would not have a Fourteenth Amendment claim because there are adequate post-deprivation remedies under Wisconsin state law for destruction of property. *See Zinermon v. Burch*, 494 U.S. 113, 127 (1990); *see Parratt v. Taylor*, 451 U.S. 527, 541 (1981); *see also* Wis.

4

Stat. §893.52. Because the Court cannot identify any plausible violation of a Constitutional right, it will dismiss Bryson's complaint for failure to state a claim.

The dismissal is not final, however. As a general matter, *pro se* plaintiffs are allowed at least one chance to amend an inadequately pleaded complaint. *See Boyd v. Bellin*, 835 F. App'x 886, 889 (7th Cir. 2021). The Court will therefore give Bryson an opportunity to file an amended complaint to cure the deficiency described above. Specifically, the amended complaint should explain: (1) which constitutional right Bryson believes was violated and what harm he believes he suffered; (2) what facts or circumstances support that allegation; and (3) when these events occurred.

The Court is enclosing a guide for *pro se* prisoners that explains how to file an amended complaint that the Court can effectively screen. The Court also will include a blank prisoner amended complaint form. The Court will require Bryson to use that form to file his amended complaint. *See* Civil L. R. 9 (E.D. Wis.). If Bryson believes he needs more space than is available in blank prisoner amended complaint form, he may attach a *maximum* of five typed, double-spaced pages. The amended complaint should be no more than <u>ten</u> pages total.

Bryson is advised that the amended complaint must bear the docket number assigned to this case. The amended complaint replaces the prior complaint and must be complete in itself without reference to the original complaint. *See Duda v. Bd. of Educ. of Franklin Park Pub. Sch. Dist. No. 84*, 133 F.3d 1054, 1056–57 (7th Cir. 1998). In *Duda*, the appellate court emphasized that in such instances, the "prior pleading is in effect withdrawn as to all matters not restated in the amended pleading." *Id.* at 1057 (citation omitted). If Bryson files an amended complaint, the Court will screen it as required by 28 U.S.C. §1915A. If Bryson does not file an amended

complaint, the Court will likely dismiss this case. Bryson can also voluntarily dismiss this case to avoid the possibility of incurring a strike under §1915(g).

## CONCLUSION

**IT IS THEREFORE ORDERED** that Bryson's motion for leave to proceed without prepayment of the filing fee (Dkt. No. 2) is **GRANTED.**

**IT IS FURTHER ORDERED** that the complaint is **DISMISSED** because it fails to state a claim. Bryson may file an amended complaint that complies with the instructions in this order by **January 19, 2023**. If Bryson files an amended complaint by the deadline, the Court will screen it as required by 28 U.S.C. §1915A. If Bryson does not file an amended complaint by the deadline, the Court will likely dismiss this case. Bryson can also voluntarily dismiss this case to avoid the possibility of incurring a strike under §1915(g).

The Court includes with this order a copy of the guide entitled "Answers to Prisoner Litigants' Common Questions" and a blank prisoner amended complaint form.

**IT IS FURTHER ORDERED** that the agency having custody of Bryson shall collect from his institution trust account the **$188.60** balance of the filing fee by collecting monthly payments from Bryson's prison trust account in an amount equal to 20% of the preceding month's income credited to Bryson's trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. §1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this action. If Bryson is transferred to another institution, the transferring institution shall forward a copy of this Order along with Bryson's remaining balance to the receiving institution.

**IT IS FURTHER ORDERED** that plaintiffs who are inmates at Prisoner E-Filing Program institutions must submit all correspondence and case filings to institution staff, who will

scan and e-mail documents to the Court. The Prisoner E-Filing Program is mandatory for all inmates of Green Bay Correctional Institution, Waupun Correctional Institution, Dodge Correctional Institution, Wisconsin Secure Program Facility, Columbia Correctional Institution, and Oshkosh Correctional Institution. Plaintiffs who are inmates at all other prison facilities must submit the original document for each filing to the Court to the following address:

>Office of the Clerk
>United States District Court
>Eastern District of Wisconsin
>362 United States Courthouse
>517 E. Wisconsin Avenue
>Milwaukee, Wisconsin 53202

PLEASE DO NOT MAIL ANYTHING DIRECTLY TO THE COURT'S CHAMBERS. It will only delay the processing of the matter.

Bryson is further advised that failure to make a timely submission may result in the dismissal of this action for failure to prosecute. In addition, the parties must notify the Clerk of Court of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties.

Dated at Milwaukee, Wisconsin on December 19, 2022.

>s/ *Brett H. Ludwig*
>BRETT H. LUDWIG
>United States District Judge