UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

DELOREAN L. BRYSON,

        Plaintiff,

v.                               Case No. 22-cv-1043-bhl

SGT RAZLAFF, et al.,

        Defendants.

---

## SCREENING ORDER

---

Plaintiff Delorean L. Bryson, who is representing himself, filed a complaint under 42 U.S.C. §1983, alleging that his civil rights were violated. This matter comes before the Court for screening of the amended complaint. Dkt. No. 13.

### ALLEGATIONS OF THE AMENDED COMPLAINT

Bryson is an inmate at the Green Bay Correctional Institution. Dkt. No. 13. Defendants are Sgt. Razlaff and "John and Jane Does." *Id*. at 1.

On November 17, 2022, Bryson asked Sgt. Razlaff if a male correctional officer was available to strip-search him instead of a female correctional officer. *Id*. at 2-3. Bryson explained that he is Muslim and it is against his religion to allow anyone of the opposite sex to touch him or see his naked body, other than his wife. *Id*. Sgt. Razlaff said that he'd "never heard of this" and ordered Officer Whiting (not a defendant) to strip-search him, even though there were three other male correctional officers standing around that could have completed the strip-search. *Id*. Bryson says that being strip-searched by a female correctional officer was demeaning, dehumanizing, and humiliating given his religious beliefs and Sgt. Razlaff ordered it on purpose to embarrass and

humiliate him or to amuse himself. *Id*. at 4. For relief, Bryson seeks monetary damages and an injunction. *Id*. at 5.

## THE COURT'S ANALYSIS

"To state a claim for relief under 42 U.S.C. §1983, a plaintiff must allege that he or she was deprived of a right secured by the Constitution or the laws of the United States, and that this deprivation occurred at the hands of a person or persons acting under the color of state law." *D.S. v. E. Porter Cty. Sch. Corp.*, 799 F.3d 793, 798 (7th Cir. 2015) (citing *Buchanan–Moore v. Cty. of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009)). Bryson asks to proceed with claims under the First, Fourth, and Eighth Amendments. Dkt. No. 13 at 5. He also asks to proceed under the Religious Land Use and Institutionalized Persons Act ("RLUIPA"). *Id*.

To state a claim under the First Amendment and RLUIPA, Bryson must allege that the institution imposed a "substantial burden" on his religious practice. *Jones v. Carter*, 915 F.3d 1147, 1150–51 (7th Cir. 2019); *Thompson v. Holm*, 809 F.3d 376, 380 (7th Cir. 2016); *see also* 42 U.S.C. §2000cc-1(a). A substantial burden occurs when a prison attaches some meaningful negative consequence to an inmate's religious exercise, forcing him to choose between violating his religion and incurring that negative consequence. *See Jones*, 915 F.3d at 1150. The Seventh Circuit recently held that requiring a Muslim inmate to be strip-searched by someone of the opposite sex may impose a substantial burden on his religion. *See West v. Radtke*, 48 F.4th 836, 847 (7th Cir. 2022). Thus, Bryson may proceed with a First Amendment claim and a RLUIPA claim against Sgt. Razlaff in connection with the November 17, 2022 strip-search incident.

Moreover, when it comes to strip-searches, convicted prisoners have rights under both the Fourth and Eighth Amendments. *Henry v. Hulett*, 969 F.3d 769, 776-785 (7th Cir. 2020). The Fourth Amendment protects convicted prisoners from searches that may be related to or serve some institutional objective, but where correctional officers nevertheless perform the searches in an unreasonable manner, in an unreasonable place, or for an unreasonable purpose. *Id*. at 781.

2

The Eighth Amendment, on the other hand, safeguards convicted prisoners against the use of strip-searches that are subjectively intended as a form of "punishment" or "motivated by a desire to harass or humiliate." *Id.*; *see also King v. McCarty*, 781 F.3d 889, 897 (7th Cir. 2015).

Bryson alleges that Sgt. Razlaff ordered Officer Whiting to strip-search him on November 17, 2022 for no legitimate purpose other than to humiliate and embarrass him. He states that there were at least three other male correctional officers available to conduct the strip-search, but Sgt. Razlaff purposely ordered a female correctional officer to do it to humiliate Bryson and/or for his own personal amusement. Based on these allegations, the Court can reasonably infer that the strip-search may have violated the Fourth Amendment due to its "unreasonable" purpose and that it may have violated the Eighth Amendment because it was intended to humiliate and embarrass. Therefore, Bryson may also proceed with Fourth and Eighth Amendment claims against Sgt. Razlaff in connection with the November 17, 2022 strip-search incident.

Bryson fails to state a claim against "John and Jane Does," however. Bryson makes no specific allegations against them, *i.e.*, what they said or did to violate his constitutional rights, and he appears to use the term as a placeholder for anyone else who might be "a part of this." Such allegations are not enough to give individual defendants notice of a claim against them. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Accordingly, the Court will dismiss "John and Jane Does" from the case.

## CONCLUSION

The Court finds that Bryson may proceed on a First Amendment, Fourth Amendment, Eighth Amendment, and RLUIPA claim against Sgt. Razlaff in connection with the November 17, 2022 strip-search incident.

**IT IS THEREFORE ORDERED** that John and Jane Does are **DISMISSED** from this case.

**IT IS FURTHER ORDERED** that pursuant to an informal service agreement between the Wisconsin Department of Justice and this Court, copies of Bryson's amended complaint and this order are being electronically sent today to the Wisconsin Department of Justice for service on Sgt. Razlaff.

**IT IS FURTHER ORDERED** that, pursuant to the informal service agreement between the Wisconsin Department of Justice and this Court, Sgt. Razlaff shall file a responsive pleading to the amended complaint within **sixty days** of receiving electronic notice of this order.

**IT IS FURTHER ORDERED** that the parties may not begin discovery until after the Court enters a scheduling order setting deadlines for discovery and dispositive motions.

Dated at Milwaukee, Wisconsin on March 22, 2023.

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge