# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

---

**DELOREAN BRYSON,**

    **Plaintiff,**

v.                                                                    Case No. 22-cv-1043

**TIMOTHY RETZLAFF,**

    **Defendant.**

---

### ORDER

---

Plaintiff Delorean Bryson, who is representing himself and currently confined at Kettle Morraine Correctional Institution, brings this lawsuit under 42 U.S.C. § 1983. (ECF No. 1.) Bryson was allowed to proceed on Fourth and Eighth Amendment claims against defendant Timothy Retzlaff for allegedly conducting an unreasonable strip search. Retzlaff filed a motion for summary judgment. (ECF No. 31.) The motion is fully briefed and ready for a decision. For the reasons stated below, the court grants Retzlaff's motion for summary judgment.

### FACTS

At all times relevant, Bryson was incarcerated at Green Bay Correctional Institution, and Retzlaff was a sergeant at Green Bay. (ECF No. 49, ¶¶ 1-2.) On November 14, 2022, non-defendant Deputy Warden Michelle Haese issued a memo requiring all prisoners to undergo pat-down searches at their cell front before heading

to shower. (*Id.*, ¶¶ 4, 8.) This order was part of the "modified or slowed movement plan" that was put in place shortly after "a serious assault had occurred." (*Id.*, ¶ 3.) Green Bay was also "operating under heightened security concerns." (*Id.*)

On November 17, 2022, after he was released from his cell to go to the shower, Bryson refused to be pat-down searched because the officer conducting the search was female. (ECF No. 49, ¶¶ 9-11.) Bryson asserts that having a woman other than his wife touch him between his legs violates his religious beliefs. (*Id.*, ¶ 11.) Because Bryson refused to be pat-down, he was sent to see Retzlaff, who was supervising the bathhouse during shower time. (*Id.*, ¶¶ 9-10.) Bryson explained to Retzlaff why he was refusing the search and asked if Retzlaff could conduct the pat-down search instead. (*Id.*, ¶ 11.)

Retzlaff went to his supervisor, non-defendant Lt. Lannoye, and told him that Bryson refused the pat-down search. (ECF No. 49, ¶ 13.) Because of Bryson's refusal, Lannoye instructed non-defendant Officer Whiting to strip search Bryson while Retzlaff supervised the strip search. (*Id.*, ¶ 14.) Retzlaff asserts Lannoye ordered the strip search because of concerns that Bryson had contraband on his person. (*Id.*) Bryson asserts that Lannoye ordered the strip search because he refused the pat down search. (*Id.*)

Whiting and Retzlaff took Bryson to the staff bathroom to conduct the strip search. (ECF No. 49, ¶ 18.) Bryson states the staff bathroom was filthy and was directly across from the property/mail room with cameras near the door. (*Id.*) Whiting conducted the strip search with the door open. (*Id.*) Retzlaff asserts that the staff

2

bathroom was private because he was blocking the doorway and it is undisputed that there was no one in the area that could see the search. (*Id.*, ¶¶ 29, 34.) Whiting conducted the search, which took less than two minutes, by directing Bryson to remove his articles of clothing. (*Id.*, ¶ 22.) It is undisputed that neither Whiting or Retzlaff touched Bryson, and Retzlaff did not speak during the search (*Id.*) During the search, Bryson stated he was frustrated that he had to be strip searched when Retzlaff could have just patted him down. (*Id.*)

Retzlaff asserts that the strip search was ordered because Green Bay was on heightened security status and Bryson refused a pat-down search, which made Lannoye and Retzlaff concerned that Bryson was concealing something on his person. (ECF No. 49, ¶ 24.) Bryson states that the strip search was conducted as punishment for refusing a pat-down search from a female officer on religious grounds. (*Id.*) Retzlaff further states that the search "was not meant to humiliate or embarrass Bryson." (*Id.*, ¶ 27.)

## SUMMARY JUDGMENT STANDARD

The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); *see also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986). "Material facts" are those under the applicable substantive law that "might affect the outcome of the suit." *See Anderson*, 477 U.S. at 248. A dispute over a "material fact" is "genuine" if

3

"the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.*

In evaluating a motion for summary judgment, the court must view all inferences drawn from the underlying facts in the light most favorable to the nonmovant. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). However, when the nonmovant is the party with the ultimate burden of proof at trial, that party retains its burden of producing evidence which would support a reasonable jury verdict. *Celotex Corp.*, 477 U.S. at 324. Evidence relied upon must be of a type that would be admissible at trial. *See Gunville v. Walker*, 583 F.3d 979, 985 (7th Cir. 2009). To survive summary judgment a party cannot just rely on his pleadings but "must set forth specific facts showing that there is a genuine issue for trial." *Anderson*, 477 U.S. at 248. "In short, 'summary judgment is appropriate if, on the record as a whole, a rational trier of fact could not find for the non-moving party.'" *Durkin v. Equifax Check Servs., Inc.*, 406 F.3d 410, 414 (7th Cir. 2005) (citing *Turner v. J.V.D.B. & Assoc., Inc.*, 330 F.3d 991, 994 (7th Cir. 2003)).

## ANALYSIS

Bryson was allowed to proceed on claims under the Fourth and Eighth Amendments because when it comes to strip searches, prisoners have rights under both. *Henry v. Hulett*, 969 F.3d 769, 776-785 (7th Cir. 2020). The Fourth Amendment protects prisoners from searches that have some institutional purpose but were performed in an unreasonable manner, in an unreasonable place, or for an unreasonable purpose. *Id.* at 781. The Eight Amendment protects prisoners from the

4

use of strip searches that are subjectively intended as a form of "punishment" or "motivated by a desire to harass or humiliate". *Id*; *see also King v. McCarty*, 781 F.3d 889, 897 (7th Cir. 2015).

Determining whether a search violated a prisoner's Fourth Amendment rights "requires a balancing of the need for the particular search against the invasion of personal rights that the search entails." *Henry* 969 F.3d at 777 (quoting *Bell v. Wolfish*, 441 U.S. 520, 560 (1979)). "[C]ourts must assess [a] search for its reasonableness, considering 'the scope of the particular intrusion, the manner in which it is conducted, the justification for initiating it, and the place in which it is conducted.'" *Id.* at 779 (quoting *Bell*, 441 U.S. at 559). Courts must also "afford prison administrators 'wide-ranging deference in the adoption and execution of policies and practices that in their judgment are needed to preserve internal order and discipline to maintain institutional security.'" *Id.* at 783 (quoting *Bell*, 441 U.S. at 547). Courts should "ordinarily defer" to the prison officials' expert judgment unless there is "substantial evidence in the record to indicate that the officials have exaggerated their response." *Id.*

No reasonable factfinder could conclude that the strip search violated Bryson's Fourth Amendment rights. Retzlaff had a legitimate security reason for executing the strip search because Bryson refused the mandated pat-down search during a time of heightened security. Bryson does not present substantial evidence to show that Retzlaff response was exaggerated. At most, Bryson suggests that Retzlaff conducted the search because he was irritated with Bryson for refusing the pat-down search.

5

However, the undisputed evidence shows that it was Retzlaff's supervisor that ordered the search, not Retzlaff. Even if Retzlaff was annoyed, that still does not demonstrate the search was unreasonable because it does not outweigh Retzlaff's security concerns. Additionally, it is undisputed that the search was conducted out of view of anyone else, did not include touching, and was brief and perfunctory. Balancing the short duration, the manner in which the search was conducted, the intrusion of the search against the security concerns, the court finds as a matter of law that the strip search did not violate the Fourth Amendment.

To prove an Eighth Amendment claim, a plaintiff must demonstrate that the search was "conducted in a harassing manner intended to humiliate and cause psychological pain." *Mays v. Springborn*, 575 F.3d 643, 649-50 (7th Cir. 2009). The search must also be conducted in a way that is "unrelated to institutional security." *Courtney v. Devore*, 595 Fed. App'x 618, 620 (7th Cir. 2014) (citing *Fillmore v. Page*, 358 F.3d 496, 505 (7th Cir. 2004)). Bryson asserts that the search was harassing and a form of unreasonable punishment because Retzlaff could have easily patted him down instead of requiring a strip search. This is insufficient to prove that the search's purpose was unconstitutional. As discussed above, while the decision to strip-search Bryson may have been annoying and frustrating, it was reasonably related to institutional security concerns.

Because no reasonable factfinder could conclude that the strip search violated Bryson's Fourth and Eighth Amendment rights, summary judgment is granted in favor of Retzlaff.

## CONCLUSION

For the foregoing reasons, the court grants Retzlaff's motion for summary judgment. Retzlaff also argued that he was entitled to qualified immunity. Because the court grants summary judgment in his favor on the merits, the court does not need to address the qualified immunity argument. Because there are no remaining claims, the case is dismissed.

## ORDER

**NOW, THEREFORE, IT IS HEREBY ORDERED** that Retzlaff's motion for summary judgment (ECF No. 31) is **GRANTED**.

**IT IS FURTHER ORDERED** that this case is **DISMISSED**. The Clerk of Court will enter judgment accordingly.

This order and the judgment to follow are final. A dissatisfied party may appeal this court's decision to the Court of Appeals for the Seventh Circuit by filing in this court a notice of appeal within **30 days** of the entry of judgment. *See* Federal Rules of Appellate Procedure 3, 4. This court may extend this deadline if a party timely requests an extension and shows good cause or excusable neglect for not being able to meet the 30-day deadline. *See* Federal Rule of Appellate Procedure 4(a)(5)(A).

Under certain circumstances a party may ask this court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief from judgment under Federal Rule of Civil Procedure 60(b). Any motion under Federal Rule of Civil Procedure 59(e) must be filed within **28 days** of the entry of judgment. The court cannot extend this deadline. *See* Federal Rule of Civil Procedure 6(b)(2). Any motion

under Federal Rule of Civil Procedure 60(b) must be filed within a reasonable time, generally no more than one year after the entry of the judgment. The court cannot extend this deadline. *See* Federal Rule of Civil Procedure 6(b)(2).

A party is expected to closely review all applicable rules and determine what, if any, further action is appropriate in a case.

Dated in Milwaukee, Wisconsin this 25th day of September, 2024.

STEPHEN DRIES
United States Magistrate Judge